Landreth v. Massey.

---

## James M. Landreth v. Jannett Massey and William S. Massey.

1.   Questions of Fact—*Findings of the Chancellor.*—Where a question of fact has been tried by a chancellor upon documentary proof and oral testimony taken in open court, the finding will not be set aside, unless it is manifestly against the weight of the evidence.

2.   Mortgage—*When a Series of Dealings Will be Regarded as Such.*—Where there has been a series of dealings between the parties in relation to real property, and the evidence leaves it in doubt whether the transactions as an entirety, amount to a conditional sale or a mortgage, it will, as a general rule, be regarded as a mortgage, rather than as a sale.

In Equity.—Bill for relief.   Appeal from the Circuit Court of Morgan County; the Hon. Cyrus Epler, Judge, presiding.   Heard in this court at the May term, 1895.   Affirmed.   Opinion filed November 15, 1895.

M. T. Layman, attorney for appellant.

Morrison & Worthington, attorneys for appellees.

Mr. Justice Wall delivered the opinion of the Court.
The appellant filed his bill in chancery against the appel-

lees, praying that a certain written contract for the sale of land by him to the appellee, Jannett Massey, should be held and decreed void, and that the possession of the land should be surrendered to him. The appellees set up in their answer that the transaction was, and should in equity, be treated as a mortgage and not as a sale, and they filed their cross-bill asking that the court should so decree and afford appropriate relief. The case was heard by the court upon the oral and documentary testimony offered by the respective parties, and it was found that the transaction was in equity, but a mortgage, and not a sale. The bill was dismissed, and later the cross-bill was also dismissed without prejudice. From the decree, as a whole, the appellant prosecutes the present appeal. It appears that in the year 1881, the appellant made a loan of $2,750 to the appellees, and for security accepted a mortgage on the land in question. The mortgage was foreclosed in 1885, and the land was bought in by appellant, and in November, 1886, he received a master's deed, and at the same time executed to the appellees a bond for a deed, upon payment of the amount then agreed on, which covered the original debt, interest and cost.

Before the time fixed in that contract for the final payment had arrived, another contract was made by which new notes were given and the time for final payment extended to November 22, 1892, and before that time came the present contract was made, by which the time for final payment was extended to November 22, 1895.

In each renewal the indebtedness was increased by adding unpaid interest, and in the last there was also an additional loan of $850, so that the principal sum then fixed amounted to $4,850, for which a note was given, together with four interest notes of $339.50 each, for the interest maturing November 22, 1892, 1893, 1894 and 1895. The appellant never was in possession of the land.

The evidence tends to show that the appellees were preparing to redeem from the master's sale under the foreclosure, and had practically arranged to borrow the money for that purpose from one Yingling, but that at the suggestion of

Landreth v. Massey.

appellant the loan was made by him, and the papers made in the form of a contract of sale, as already stated.

The last renewal included a loan of $850 additional, as just stated, and while it, as well as those preceding, was put in the form of a contract of sale in which time was made essential, yet we are satisfied that according to the settled doctrine and practice of equity, the series of dealings should be regarded as an entirety, and that the parties should be deemed to occupy the relation of mortgagors and mortgagee rather than that of vendors and vendee.

There is much oral testimony in the record, and it is not wholly free from conflict, and there are many details and circumstances which throw more or less light upon the whole case.

Among other things, reference may be had to the memorandum indorsed by the appellant upon the contract of 1888, to the effect that it had been "canceled February 9, 1892, by renewing notes and bonds," and to the written memorandum of the settlement upon which the last contract was based, which memorandum was signed by the parties. So, also, the inclusion of $500 as a bonus upon the renewal of 1888.

We deem it unnecessary to go into further details as to the evidence, and therefore state merely the conclusion reached—that the Circuit Court properly denied the prayer of the bill for cancellation of the contract and possession of the land. As to the dismissal of the cross-bill, the appellant has no cause of complaint.

It is argued, however, that the original bill also averred that the contract in question erroneously stated that there were five interest notes, when in fact there were but four, and prayed for a reformation of the contract in this respect, and that, as it clearly appeared this averment was true, the court should at least have granted relief in this respect, and erred substantially in not doing so. Turning to the record for the contract, which is not fully set out in the abstract, it is found that in describing the notes it reads as follows: "And in consideration thereof, the said Jannett Massey

has executed and delivered to said James M. Landreth her five certain promissory notes, payable to the order of said James M. Landreth, with interest after due at the rate of seven per cent per annum, to wit: One principal promissory note for the sum of four thousand eight hundred and fifty dollars, payable on the 22d day of November, A. D. 1895, and five (5) equal promissory notes, each for the sum of three hundred and thirty-nine 50-100 dollars ($339.50), payable respectively on the 22d of November, in the years 1892, 1893, 1894 and 1895, the same being for the annual interest to accrue on said principal sum from November 22, 1891, until November 22, 1895."

Now, when all this clause is read together, it is quite apparent there were only four interest notes. Such would be the proper reading and construction of the contract, and there is no occasion for any reformation in this respect.

The decree will be affirmed.